FILED

07/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0207

DA 24-0207

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 161N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JAMES SHANNON REED,

       Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2022-371
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Jeff N. Wilson, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

                  Submitted on Briefs: June 3, 2026

                     Decided:  July 21, 2026

Filed:

                     _____
                            Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged James Shannon Reed by Information with felony indecent exposure to a minor under § 45-5-504(3)(a), MCA. After Reed failed to appear for his final pretrial conference and trial, the State amended the Information to add felony bail-jumping under § 45-7-308, MCA. Reed appeals the September 2023 jury verdict in the First Judicial District Court, Lewis and Clark County, convicting him of those charges.

¶3 Before trial, Reed moved to dismiss the bail-jumping charge. He argued that § 45-7-308, MCA, is unconstitutionally vague because "lawful excuse" is undefined, the statute impermissibly shifts the burden to a defendant, and the State could not prove he lacked a lawful excuse. The District Court denied the motion.

¶4 At trial, Reed proposed instructions for both indecent exposure to a minor and the lesser-included offense of misdemeanor indecent exposure. Reed's proposed instruction on indecent exposure to a minor required the State to prove that Reed "knew the conduct would be observed by a person who is under 16 years of age." The State's proposed instruction similarly stated that Reed must have known "the conduct will be observed by a person who is under 16 years of age."

2

¶5      After the State presented its case, the District Court held a conference to settle jury instructions. During the conference, Reed's counsel stated: "The way I was reading the statute [§ 45-5-504(3), MCA], I thought if you prove it was a juvenile, it's a felony, but if it's not proven it's a juvenile, if it's an adult, it's a misdemeanor." The parties and the court then discussed both parties' proposed jury instructions for indecent exposure to a minor.

¶6      During this discussion, the court stated that indecent exposure to a minor required proof that Reed "knew the conduct would be observed by a person who was under 16 years of age." The court explained that Reed had to be "aware there exists a high probability" that his conduct would be observed by a person under 16, too. The District Court reserved judgment on the lesser-included offense until after Reed testified. Reed's counsel did not object.

¶7      After Reed testified, the District Court held a final instruction-settlement conference. The court stated, "I don't think we have any evidence to support a lesser included." Reed's counsel said, "I agree." The jury was not instructed on misdemeanor indecent exposure.

¶8      The jury subsequently convicted Reed of both indecent exposure to a minor and bail-jumping. The District Court sentenced Reed to the DOC for four years, none suspended, on the indecent-exposure-to-a-minor conviction, and to a consecutive eighteen-month DOC commitment on bail-jumping. Reed was required to register as a Level II sexual offender. Reed timely appealed.

¶9 Reed raises two issues on appeal: whether he received ineffective assistance of counsel when counsel did not secure a lesser-included-offense instruction on misdemeanor indecent exposure; and whether § 45-7-308, MCA, the bail-jumping statute, is unconstitutionally vague. We affirm.

¶10 Ineffective-assistance-of-counsel claims present mixed questions of law and fact, reviewed de novo. *State v. Ugalde*, 2013 MT 308, ¶ 28, 372 Mont. 234, 311 P.3d 772; *State v. Wright*, 2021 MT 239, ¶ 7, 405 Mont. 383, 495 P.3d 435. When such a claim is raised on direct appeal, the Court ordinarily first determines whether the claim is record-based and appropriate for direct appeal. If the record does not explain why counsel acted or failed to act, the claim generally belongs in postconviction proceedings. *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340; *State v. Crider*, 2014 MT 139, ¶ 35, 375 Mont. 187, 328 P.3d 612. If the claim is reviewable, the defendant must prove both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687-94, 104 S. Ct. 2052, 2064-68 (1984); *Whitlow v. State,* 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. The Court need not address the two prongs in order and may decide an ineffective-assistance claim on the lack of prejudice alone. *Strickland,* 466 U.S. at 697, 104 S. Ct. at 2069; *Whitlow,* ¶ 11.

¶11 Constitutional questions receive plenary review. The constitutionality of a statute is a question of law; the Court reviews the district court's legal conclusions for correctness. *State v. Dugan*, 2013 MT 38, ¶ 14, 369 Mont. 39, 303 P.3d 755; *State v. Stanko*, 1998 MT 321, ¶ 14, 292 Mont. 192, 974 P.2d 1132.

**Reed has not established ineffective assistance of counsel on this record**

¶12   Reed argues his counsel misunderstood § 45-5-504(3), MCA, and therefore failed to secure a lesser-included-offense instruction on misdemeanor indecent exposure. We need not decide whether Reed's claim is record-based or whether counsel's performance was deficient because Reed has not established prejudice. *See Strickland,* 466 U.S. at 697, 104 S. Ct. at 2069; *Whitlow,* ¶ 10.

¶13   The record contains competing indications regarding Reed's counsel's understanding of § 45-5-504(3)(a), MCA. Reed's counsel submitted proposed jury instructions for indecent exposure to a minor that correctly included the requirement that Reed "knew the conduct would be observed by a person who is under 16 years of age." But Reed's counsel later stated that he thought the distinction between misdemeanor and felony indecent exposure turned on whether the State proved the observer was "a juvenile." After the District Court reserved ruling until Reed testified, Reed denied seeing L.W., denied exposing himself, and testified that the first time he saw L.W. was at trial.

¶14   Even assuming counsel should have argued the lesser-included instruction more forcefully, Reed has not shown a reasonable probability of a different result. A lesser-included-offense instruction is appropriate only when the record contains evidence from which the jury could rationally find the defendant guilty of the lesser offense and acquit him of the greater offense. *State v. Smith,* 2025 MT 281, ¶ 19, 425 Mont. 197, 580 P.3d 708. *Smith* clarifies that the all-or-nothing rule applies when the defendant's entire theory, if believed, would require acquittal of both the greater and lesser offenses; it

does not create a bright-line rule barring alternative defense theories when supported by evidence. *Smith*, ¶¶ 25-26.

¶15 Reed points to evidence from which counsel could have argued that the State failed to prove his knowledge of L.W.'s age. But Reed has not shown that additional argument would have made it reasonably probable that the District Court would have given the lesser instruction or that the jury would have convicted only of misdemeanor indecent exposure. The District Court did not decline the instruction because counsel failed to request it; the court declined it after Reed's testimony, reasoning that the evidence did not support it. The jury was instructed that the State had to prove Reed knew his conduct would be observed by a person under 16 and nevertheless found Reed guilty of the greater offense. On this record, Reed's ineffective-assistance-of-counsel claim fails. The State's evidence also gave the jury a sufficient basis to find the knowledge-of-age element: L.W. was 14 and close to 15, the jury saw photographs of her from the day of the offense and saw her at trial, and L.W. testified that Reed referred to the only person outside as a "pretty girl," moved closer to her, and exposed himself while facing her.

**Reed has not established that the bail-jumping statute is void for vagueness**

¶16 The United States Constitution and the Montana Constitution both provide that the State shall not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV; Mont. Const. art. II, § 17. Essential to due process is that "an enactment is void for vagueness if its prohibitions are not clearly defined." *State v. Trombley*, 2026 MT 59, ¶ 9, 427 Mont. 188, 586 P.3d 296 (citation omitted).

6

¶17 Reed contends that § 45-7-308, MCA, the bail-jumping statute, is facially void for vagueness because Montana does not define "lawful excuse" and because the phrase impermissibly shifts the burden to him. We rejected materially similar arguments in *Trombley*. There, we held that § 45-7-308, MCA, was reasonably clear as applied to a defendant, who was released on the condition that he appear at a specified time and place and failed to do so. *Trombley*, ¶¶ 15-17, 23. We further explained that "without lawful excuse" gives a defendant an opportunity to raise an affirmative defense with an initial burden of production; if the defendant produces supporting evidence, the State bears the burden to prove beyond a reasonable doubt that no lawful excuse existed. *Trombley*, ¶ 16. Reed, like Trombley, was ordered to appear for specific court dates, failed to appear, and testified that he missed the hearings because he lost track of time. Under *Trombley*, § 45-7-308, MCA, clearly applied to Reed's conduct, and the District Court correctly denied the motion to dismiss Count II, the bail-jumping charge.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents questions controlled by settled law or by the clear application of applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

7